IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 16 C 5322 |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's (City), Defendant County of Cook's (County), Defendant American Federation of State, County and Municipal Employee's (AFSCME), and Defendant Vito Barbara's (Barbara) motions to dismiss. For the reasons stated below, the motions to dismiss are granted in part and the remaining state law claims are dismissed without prejudice.

**BACKGROUND**

Plaintiffs Elizabeth J. Olson and Edward E. Olson allegedly own the property at 3359 S. Lowe Avenue in Chicago, Illinois (Subject Property).

Defendant Barbara allegedly owns the neighboring property located at 3361 S. Lowe Avenue in Chicago, Illinois (Neighboring Property). Plaintiffs contend that on August 14, 2008, Barbara erected a fence in a walkway between the Subject Property and the Neighboring Property. According to Plaintiffs, the fence is approximately ten to thirteen inches away from the Subject Property and prevents all use and access to the Subject Property. Plaintiffs contend that Defendants engaged in a civil conspiracy to deny Plaintiffs the use of the Subject Property in violation of Plaintiffs' equal protection rights. Plaintiffs include in their complaint claims against all Defendants alleging equal protection violations brought pursuant to 42 U.S.C. §§ 1983 and 1985(3).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond

the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Claims Brought Against the City of Chicago

In the instant action, Plaintiffs allege that the City participated in a conspiracy to violate Plaintiffs' equal protection rights. The City argues that Plaintiffs' complaint should be dismissed because the claims against the City are barred by res judicata and the complaint was not filed within the statute of limitations period.

    A. Res Judicata

The City argues that Plaintiffs' claims brought against the City are barred by the doctrine of res judicata. Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015)(internal quotations omitted)(quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In Illinois, a party seeking to invoke the doctrine of res judicata must show: (1) that there was "a final judgment on the merits rendered by a court of competent jurisdiction," (2) that the prior action was "the same cause of action," and (3) that the prior action involved "the same parties or their privies." *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan *975 Sales,* 664 F.3d 1075, 1079 (7th Cir. 2011)(citing *Hudson v. City of Chicago,* 889 N.E.2d 210, 215 (Ill. 2008)); *see also Empress Casino Joliet Corp. v. Johnston*, 763 F.3d 723, 727-28 (7th Cir. 2014)(stating that under Illinois law the doctrine applies when "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies")(internal quotations omitted)(quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998)).

In 2012, Plaintiffs filed a federal civil rights claim (2012 Lawsuit) against the City for alleged violations of Plaintiffs' equal protection rights. Plaintiffs do not dispute that there was a final judgment on the merits in the previous action. In the 2012 Lawsuit, the court granted the City's motion to dismiss on June 12, 2013,

finding that Plaintiffs' claims were not filed within the statute of limitations period. The Seventh Circuit upheld the district court's dismissal on February 13, 2014 and on April 22, 2014 Plaintiffs' request for rehearing en banc was denied. The United States Supreme Court denied Plaintiffs' petition for writ of certiorari on October 7, 2014. Thus, a final judgment on the merits was entered in the 2012 Lawsuit.

The City argues that there is an identity of the cause of action between the instant action and the 2012 Lawsuit. Generally, under Illinois law, a claim has identity with a previously litigated matter when "it emerges from the same core of operative facts as that earlier action." *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 339 (7th Cir. 1995)(internal quotations omitted)(citing *Colonial Penn Life Ins. Co. v. Hallmark Ins. Admin., Inc.,* 31 F.3d 445, 447 (7th Cir.1994). Claims are deemed to be "one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Brzostowski*, 49 F.3d at 339. Both the 2012 Lawsuit and the instant action allege an equal protection claim against the City based on identical factual allegations relating to the installation of a fence between the Subject Property and the Neighboring Property by Barbara on August 14, 2008 and the City's alleged disparate actions and preferential treatment of Barbara in relation to the fence installation. Plaintiffs do not address the factual similarities between the actions, but insist that there is no identity between the

current action and the 2012 Lawsuit because of differences in the complaints. Plaintiffs contend that the City's current description of the dispute differs from how the City described the case in its motion to dismiss the 2012 Lawsuit. Plaintiffs point out that the current complaint is lengthier than the 2012 complaint. Plaintiffs also contend that the current complaint contains additional materials not in the 2012 Lawsuit complaint, but Plaintiffs fail to show how these differences indicate that the current action is not based on the same core of operative facts as the claims in the 2012 Lawsuit. The facts and claims presented in the instant action all relate to the same event and arose from the same group of facts that were the basis for the claims and defenses presented in the 2012 Lawsuit. To the extent that Plaintiffs seek to present new arguments to this court involving the same operative facts, Plaintiffs have not adequately explained why they were unable to present those arguments in the 2012 Lawsuit. Thus, there is an identity of the cause of action.

      The City argues that there is also an identity of the parties. Plaintiffs contend that there is no identity of the parties because additional Defendants were added to the current complaint that were not included in the 2012 Lawsuit. However, as the City points out, adding additional defendants does not affect the determination of identity of the parties. *See Palka v. City of Chicago*, 662 F.3d at 437 (7th Cir.

2011)(stating that the inclusion of additional parties in earlier suits is irrelevant to the determination of identity of the parties). The record reflects that Elizabeth and Edward Olson were the named Plaintiffs in the 2012 Lawsuit and that the City of Chicago was the named Defendant, and thus there is an identity of the parties. Therefore, Plaintiffs' claims against the City are barred by the doctrine of res judicata.

### B. Statute of Limitations

The City argues that Plaintiffs also failed to bring this action within the statute of limitations period. For Section 1983 claims brought in Illinois, the statute of limitations period is two years. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015)(stating that "[t]he limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years"); *Farley v. Koepp*, 788 F.3d 681, 684 n.2 (7th Cir. 2015)(explaining that "[t]he statute of limitations for claims brought under 42 U.S.C. § 1983 is the limitations period for analogous personal-injury claims in the forum state"); *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016)(stating that "[f]ederal law, however, governs the accrual date for § 1983 claims, which is when the plaintiff knows or should know that his or her constitutional rights have been

8

violated")(internal quotations omitted)(quoting *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004)). In the instant action, Plaintiffs allege the City violated their constitutional rights through various actions, such as preferential treatment of a neighbor, with regards to the installation of a fence between the Subject Property and the Neighboring Property. Plaintiffs indicate that Barbara installed the fence on August 14, 2008. (Compl. Par. 52). Plaintiffs allege in their complaint that they immediately began contacting various City departments to dispute the installation of the fence. (Compl. Par. 53-58). Plaintiffs did not file the instant action until May 18, 2016, almost eight years later and well after the limitations period expired.

In the instant action, Plaintiffs' own allegations indicate that they should have been well aware of all necessary information in order to bring a constitutional violation claim against the City regarding the installation of the fence long before the statute of limitations expired. Plaintiffs' own pleadings and exhibits contain facts relating to the statute of limitations issue and there are no facts that would suggest the claims are timely. Therefore, the claims are untimely. The facts do not suggest that the equitable tolling doctrines are applicable in this instance. Based on the above, the motion to dismiss claims brought against the City is granted.

II. Claims Brought Against the County

In the instant action, Plaintiffs allege that the County conspired with Barbara, the City, and AFSCME to deprive Plaintiffs of their rights. Plaintiffs include in their complaint allegations against several County entities such as the Cook County Recorder of Deeds, Cook County Assessor and Cook County Clerk, as well as allegations against Cook County Circuit Court and the Illinois Appellate Court. The County argues that Plaintiffs' complaint should be dismissed because it is untimely and is barred by the doctrine of judicial immunity.

    A. Statute of Limitations

The County argues that Plaintiffs failed to bring certain claims within the statute of limitations period. As explained above, for Section 1983 claims brought in Illinois, the statute of limitations period is two years. *O'Gorman*, 777 F.3d at 889; *Farley* 788 F.3d at 684. In the instant action, Plaintiffs allege that in July 2010 the Cook County Recorder of Deeds incorrectly recorded Defendant Barbara's deed in trust under Plaintiffs' address. (Compl. Par. 67). The County argues, and Plaintiffs' own allegations indicate, that they discovered this fact in June 2011, almost 5 years prior to the filing of the instant action. Plaintiffs argue that they included this fact in the complaint they filed in state court in November

10

2011. However, Plaintiffs did not bring the instant action and never filed suit against Cook County or the Recorder of Deeds until May 2016. Plaintiffs also allege that the Cook County Assessor issued erroneous PINs and that the Illinois Appellate Court affirmed a ruling in a "phony case." (Compl. Par. 144). However, each of these allegations were discovered by Plaintiffs in 2011, significantly beyond the statute of limitations. Therefore, the claims are untimely. The facts do not suggest that the equitable tolling doctrines are applicable in this instance.

### B. Judicial Immunity

The County also argues that all of Plaintiffs' claims regarding Cook County Circuit Court and Illinois Appellate Court are barred by the doctrine of absolute judicial immunity. Judges cannot be held liable "for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). A judge will not be deprived of immunity unless "he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).

In the instant action, Plaintiffs allege that the Illinois Appellate Court affirmed a ruling by the Cook County Circuit Court in what Plaintiffs call a "phony case" (Compl. Par. 144). Plaintiffs further allege that the Circuit Court's decision in case 10 CH 34581 as well as the Illinois Appellate Court's decision in 1-14-

2810 were "wrongly decided" and appeared to be "very one-sided." (Compl. Par. 13-14). Plaintiffs further accuse the Cook County Circuit Court of "ignor[ing] evidence." (Compl. Par. 145, 147). It is clear from Plaintiffs' own filings that the judicial acts by the court in the above referenced cases are the basis for their complaints against both the Cook County Circuit Court and Illinois Appellate Court. Plaintiffs have not provided a basis to negate the immunity in this case. In the above cited cases, both the Cook County Circuit and Illinois Appellate Court held jurisdiction. Therefore, all of Plaintiffs' complaints regarding Cook County Circuit Court and Illinois Appellate Court are barred by the doctrine of judicial immunity. Based on the above, the motion to dismiss claims brought against the County is granted.

III. Claims Brought Against AFSCME

In the instant action, Plaintiffs allege that AFSCME conspired with Barbara, the City and the County to deprive Plaintiffs of their property rights. AFSCME argues that Plaintiffs failed to bring certain claims within the statute of limitations period and to plead facts which give rise to a claim upon which relief may be granted and therefore Plaintiffs' claims should be dismissed.

A. Statute of Limitations

AFSCME argues that Plaintiffs failed to bring certain claims within the statute of limitations period. As stated above, for Section 1983 claims brought in Illinois, the statute of limitations period is two years. *O'Gorman*, 777 F.3d at 889; *Farley* 788 F.3d at 684. In the instant action, Plaintiffs allege 13 separate alleged violations by City and County employees who could be AFSCME members. The alleged misconduct by City employees includes issuing a passing inspection, recording a lien, issuing permits, failing to remove the fence, approving a land survey and forming a task force. The alleged misconduct by County employees includes recording a lien, recording a land trust with the incorrect address, issuing erroneous PINs, wrongly deciding cases, and three claims relating to Plaintiffs' court case against Barbara. The first ten of these events occurred between 2004 and 2011, more than two years before Plaintiffs failed the instant action. Plaintiffs' own allegations indicate they were aware of the alleged incidents in the first ten claims well beyond two years before they filed this complaint. Plaintiffs' own pleadings and exhibits contain facts relating to the statute of limitations issue and there are no facts that would suggest the claims are timely. Therefore, the first ten bases for claims against AFSCME members are untimely. The facts do not suggest that the equitable tolling doctrines are applicable in this instance.

13

## B. Failure to State a Claim

AFSCME also argues that to the extent that any claims are timely, Plaintiffs have failed to plead any facts which give rise to a claim upon which relief may be granted against AFSCME. Plaintiffs' fact section of the complaint includes no mention of AFSCME. The court can liberally construe Plaintiffs' *pro se* complaint against AFSCME to be on the basis that the employees in question, as alleged members of AFSCME, acted as agents of AFSCME while allegedly violating Plaintiffs' constitutional rights. Plaintiffs admit in their own filings, however, that they have no knowledge of whether the employees in question were members of AFSCME. (DE 35:10). Even if the relevant employees were in fact AFSCME members, all thirteen of Plaintiffs' complaints fail to state a claim for relief against AFSCME.

The mere fact that the employees in question may have been members of AFSCME does not mean that in performing their job duties they acted as an agent for AFSCME. Instead, a principal/ agency relationship must be established. Plaintiffs have presented no facts that plausibly suggest that the City and County employees in question had a principal/agency relationship with AFSCME or that these employees were acting within the scope of such relationship with AFSCME.

Based on the above, the motion to dismiss claims brought against AFSCME is granted.

IV. Claims Brought Against Barbara

In the instant action, Plaintiffs allege that Barbara conspired with the City, the County and AFSCME to deprive Plaintiffs of their property rights. Barbara argues that Plaintiffs' complaint should be dismissed because it is untimely. Barbara argues that Plaintiffs failed to bring this action within the statute of limitations period. As explained above, for Section 1983 claims brought in Illinois, the statute of limitations period is two years. *O'Gorman*, 777 F.3d at 889; *Farley* 788 F.3d at 684.

In the instant action, Plaintiffs indicate that Barbara installed the fence on August 14, 2008. (Compl. Par. 52). However, Plaintiffs did not file the instant action until May 18, 2016, well outside the statute of limitations. Plaintiffs argue that the statute of limitations does not apply because they began to take action against Barbara in state court soon after the fence was erected. However, nothing precluded Plaintiffs from simultaneously pursuing the instant 1983 claims in federal court while their state court actions were pending. Plaintiffs' own allegations indicate they should have been well aware of all necessary information

15

in order to bring a constitutional violation claim against Barbara regarding the installation of the fence long before the statute of limitations period expired. Plaintiffs' own pleadings and exhibits contain facts relating to the statute of limitations issue and there are no facts that would suggest the claims are timely. Therefore, the claims are untimely. The facts do not suggest that the equitable tolling doctrines are applicable in this instance. Based on the above, the motion to dismiss claims brought against Barbara is granted.

V. Supplemental Jurisdiction

The City argues that if the court dismisses the Section 1983 equal protection claim, the court should decline to exercise supplemental jurisdiction over any remaining state law claims. Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no

"'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over any remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, the motions to dismiss are granted in part and the remaining state law claims are dismissed without prejudice.

                                      _____
                                      Samuel Der-Yeghiayan
                                      United States District Court Judge

Dated: January 26, 2017